IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF WEST VIRGINIA
CLARKSBURG DIVISION

ELECTRONICALLY FILED
Mar 22 2018
U.S. DISTRICT COURT
Northern District of WV

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | Case No. 1:18-CV-59 (Keeley) |
| ) | |
| v. ) | |
| ) | |
| ROBERT TRAVINSKI, doing business as ) | |
| CARPET CENTER, ) | |
| 1850 Earl L. Core Rd. ) | |
| Morgantown, WV 26505 ) | |
| ) | |
| Defendant. ) | |

## COMPLAINT

The United States of America, at the request of the Chief Counsel of the Internal Revenue Service, a delegate of the Secretary of the Treasury, and at the direction of the Attorney General of the United States, brings this action to collect the unpaid federal taxes and statutory additions to tax assessed against the defendant, Robert K. Travinski, doing business as Carpet Center; to compel him to timely collect and pay over to the Internal Revenue Service the company's accruing federal employment tax liabilities; and to enjoin the defendant from further violations of, and interfering with, the enforcement of the internal revenue laws.

### JURISDICTION AND VENUE

1. This Court has jurisdiction over this action pursuant to 28 U.S.C. §§ 1340, 1345, and 26 U.S.C. §7402(a).

2. Venue is proper in this district pursuant to 28 U.S.C. §§1391(b) and 1396 because Travinski resides in this judicial district; a substantial part of the events or omissions giving rise

to these claims occurred in this judicial district; the liabilities for the taxes at issue accrued in this judicial district; and the tax returns for those liabilities were filed in this judicial district.

## PARTIES

3. Plaintiff is the United States of America.

4. Defendant Travinski operates Carpet Center, a sole proprietorship that installs carpeting and is located at 1580 Earl L. Core Road, Morgantown, West Virginia.  Travinski is responsible for paying the wages and salaries of its employees; for withholding, collecting, and paying over to the Internal Revenue Service the federal employment taxes and unemployment taxes associated with those wages and salaries; for the periodic depositing of those employment and unemployment taxes in a federal deposit bank; and for filing federal employment and unemployment tax returns associated with those wages and salaries.

## COUNT I – REDUCE FEDERAL TAX ASSESSMENTS TO JUDGMENT

5. The United States repeats and re-alleges all paragraphs above, as though fully set forth herein.

6. A delegate of the Secretary of the Treasury properly made the following federal tax assessments against Travinski, doing business as Carpet Center:

| Tax Type | Tax Period Ending | Assessment Date | Assessed Tax Amount | Balance Owed as of 5/30/18 |
|---|---|---|---|---|
| Employment – Form 941 | 12/31/2011 | 6/29/2015 | $1,794.59 | $3,212.43 |
| Employment – Form 941 | 6/30/2012 | 6/29/2015 | $1,794.59 | $3,169.63 |
| Employment – Form 941 | 12/31/2012 | 4/8/2013 | $1,794.59 | $6,113.94 |
| Employment – Form 941 | 3/31/2013 | 7/8/2013 | $1,588.30 | $114.76 |
| Employment – Form 941 | 6/30/2013 | 6/29/2015 | $1,853.03 | $3,185.98 |
| Employment – Form 941 | 9/30/2014 | 2/16/2015 | $3,066.60 | $4,636.74 |

| | | | | |
|---|---|---|---|---|
| Employment – Form 941 | 12/31/2014 | 11/2/2015 | $3,577.40 | $7,052.86 |
| Employment – Form 941 | 3/31/2015 | 7/13/2015 | $3,577.70 | $5,126.11 |
| Employment – Form 941 | 6/30/2015 | 9/21/2015 | $3,066.60 | $4,741.01 |
| Employment – Form 941 | 9/30/2015 | 2/29/2016 | $3,577.70 | $4,022.70 |
| Employment – Form 941 | 12/31/2015 | 3/28/2016 | $3,066.60 | $4,658.46 |
| Employment – Form 941 | 3/31/2016 | 7/4/2016 | $3,577.70 | $5,318.38 |
| Employment – Form 941 | 6/30/2016 | 10/10/2016 | $3,066.60 | $4,384.58 |
| Unemployment – Form 940 | 12/31/2011 | 7/13/2015 | $56.00 | $100.25 |
| Unemployment – Form 940 | 12/31/2014 | 11/9/2015 | $42.00 | $69.10 |
| § 6721 Penalty – Failure to file | 12/31/2010 | 11/4/2013 | $2,600.00 | $3,072.53 |
| | | | **Total:** | **$58,979.46** |

7. Proper and timely notice and demand for payment of the assessments described in paragraph 6, above, was given to Travinski.

8. Despite notice and demand for payment of the assessments described in paragraph 6, above, Travinski has neglected or refused to fully pay those assessments.

9. As of May 30, 2018, Travinski will be indebted to the United States for unpaid federal taxes and statutory additions to tax for the assessments described in paragraph 6, above, in the amount of $58,979.46.

10. Statutory additions to tax, including statutory interest, and costs will continue to accrue on the amounts owed that are described in paragraph 6, above, from May 30, 2018, until they are paid in full.

WHEREFORE the United States of America prays that this Court:

    A.    Order, adjudge, and decree that Travinski is indebted to the United States of America in the amount of $58,979.46 as of May 30, 2018 for the federal income tax liabilities and statutory interest for the taxable periods described in paragraph 6, above, plus statutory interest accruing from May 30, 2018, until paid;

    B.    Award to the United States its costs of prosecuting this action; and

    C.    Order such other and further relief as the Court deems just and equitable.

## COUNT II – INJUNCTION PURSUANT TO 26 U.S.C. §7402(a)

11.    The United States incorporates by reference the allegations in paragraphs 1 through 10 above.

12.    In recent years, Travinski, doing business as Carpet Center, has accrued employment tax liabilities and failed to pay over deposits for those liabilities during the periods referenced in paragraph 6, above.  Specifically, Travinski:

    a.    Failed to make any deposits for employment taxes for quarterly tax periods ending December 31, 2011; June 30, 2012; December 31, 2012; March 31, 2013; June 30, 2013; September 30, 2014; December 31, 2014; March 31, 2015; June 30, 2015; December 31, 2015; March 31, 2016; June 30, 2016; September 30, 2016; December 31, 2016; March 31, 2017; June 30, 2017; and September 30, 2017;

    b.    Failed to make sufficient deposits for employment taxes for quarterly tax periods ending September 30, 2015;

    c.    Failed to make any deposits for unemployment taxes for annual tax periods ending December 31, 2011 and December 31, 2014; and

    d.    Accrued a civil penalty under 26 U.S.C. § 6721 for his failure to file tax informational tax returns with the Internal Revenue Service as required by law.

13. Since 2008, the IRS has made concerted efforts to bring Travinski, doing business as Carpet Center, into compliance with his federal employment and unemployment tax obligations. These efforts include issuing levies to the taxpayer's bank accounts and accounts receivable; recording notices of federal tax liens against Travinski; and providing instructions regarding monthly filing obligations at least eleven times from 2008 until the present.

14. None of the above-described collection actions have been effective in compelling Travinski to meet his employment tax and payment obligations. Travinski has continued to accumulate new federal employment tax liabilities. As a result, Travinski's tax liabilities continue to accrue, and are ever-increasing, or "pyramiding."

15. Under 26 U.S.C. § 7402(a), this Court may issue injunctions as may be necessary and appropriate for the enforcement of the internal revenue laws.

16. Travinski has substantially interfered with and continues to interfere with the internal revenue laws by:

    a. Repeatedly failing to collect and pay over to the United States the employment tax obligations of Carpet Center as required by 26 U.S.C. §§ 3102, 3111, 3301 and 3402; and

    b. Repeatedly failing to make timely employment tax deposits as required by 26 U.S.C. §§ 6302, 6157, and 26 C.F.R. § 31.6302-1.

17. An injunction by this Court ordering Travinski to comply with his federal tax obligations is necessary and appropriate for enforcement of the internal revenue laws and prevention of continued violations, as Travinski continues to flout the federal tax laws and accrue further tax liabilities.

18. Absent court intervention, the United States lacks an adequate legal remedy to prevent additional pyramiding of the employment and unemployment taxes owed by Travinski. The IRS has exhausted its administrative abilities to compel Travinski to pay his tax liabilities and comply with the internal revenue laws.

19. As a result of Travinski's violations of federal tax statutes, the United States has suffered and will continue to suffer irreparable harm, including, but not limited to:

   a. The loss of tax revenue, including the loss of withheld federal income, Social Security, and Medicare taxes for which the employees of Carpet Center have already received credit;

   b. The drain on limited IRS resources due to the required oversight of Travinski, doing business as Carpet Center;

   c. The harm to the tax system as a whole, when competitors and the public view Travinski's continued non-compliance with the internal revenue laws.  Issuing an injunction against Travinski will deter others from refusing to pay their tax liabilities.

20. An injunction would not harm Travinski as he will merely be compelled to comply with the internal revenue laws by making timely deposits of federal employment tax liabilities and meeting filing obligations placed upon him by the internal revenue laws.

21. An injunction in this case would serve the public interest.  The federal tax system relies on employers to collect and remit federal employment taxes.  Travinski's failure to make employment tax deposits undermines the system of tax collection in that it gives Travinski an unfair advantage over competitors who comply with the law.  Enjoining Travinski would protect the public interest in the fair administration of the internal revenue laws and in fair competition by halting their wrongful practices.

22. In the absence of an injunction backed by the Court's contempt powers, Travinski is likely to continue to obstruct and interfere with the enforcement of the internal revenue laws by pyramiding employment taxes to the detriment of the United States.

## PRAYER FOR RELIEF

WHEREFORE, the United States prays that the Court:

A. Enter a temporary and permanent injunction ordering that Travinski, doing business as Carpet Center:

    i. Withhold Federal income, Social Security, and Medicare taxes from the wages of his employees when wages are paid and pay those taxes to the IRS as they become due;

    ii. Establish a bank account in a bank (as defined pursuant to 26 U.S.C. § 581) designed as "Robert Travinski, Trustee, Special Fund in Trust for the United States" under 26 U.S.C. § 7512, and to provide to the United States or its designate proof of establishment of such an account within three business days of the establishment of the account;

    iii. In accordance with federal deposit regulations, make timely deposits of all taxes imposed by the Federal Unemployment Tax Act (FUTA taxes) as they become due into the account opened in accordance with paragraph ii, above;

    iv. Within two days of each payroll date, make payroll deposits of withheld federal income, Social Security, and Medicaid taxes into the account opened in accordance with paragraph ii, above;

    v. Provide proof to the United States no later than the 20th day of each month, that all withheld income, Social Security, and Medicare taxes and all FUTA taxes

|     |     |
| --- | --- |
|     | were deposited timely into the account opened in accordance with paragraph ii, above; |
| vi. | File all employment and unemployment tax returns with the IRS correctly and within the time periods prescribed by law; |
| vii. | Pay all outstanding liabilities reported on each return required to be filed within the time periods prescribed by law; |
| viii. | Be prohibited from assigning any property or making any disbursements after the date of the injunction until amounts required to be withheld from wages after the date of the injunction are paid to the IRS; |
| ix. | Be prohibited from the acceptance of any additional customers on or after the date on which Travinski commits any act or omission that would constitute a default upon any of the preceding terms of the injunction until such a default has been cured to the satisfaction of the Court; |
| x. | Notify the United States of any future employment tax conduct with respect to any new or presently unknown company that Travinski may become involved with, including the imposition of an affirmative duty upon Travinski to notify the IRS or a designated revenue officer of any new business they may come to own, manage or work for in the next five (5) years. |
| xi. | Deliver to all of Carpet Care's current employees a copy of the Court's findings and permanent injunction; |

B. Award the United States its costs in prosecuting this action; and

C. Such other relief as is just and proper.

DATE:      March 22, 2018

        Respectfully Submitted,

        WILLIAM J. POWELL
        United States Attorney

        /s/ Tara N. Tighe
        Tara N. Tighe
        WV Bar No. 12931
        Assistant United States Attorney
        P.O. Box 591
        1125 Chapline Street
        Wheeling, WV 26003
        Phone: (304) 234-0100
        Fax: (304) 234-0112

        RICHARD E. ZUCKERMAN
        Principal Deputy Assistant Attorney General

        /s/ Kyle L. Bishop
        KYLE L. BISHOP
        Trial Attorney, Tax Division
        U.S. Department of Justice
        P.O. Box 227, Ben Franklin Station
        Washington, D.C.  20044
        202-616-1878 (v)
        202-514-6866 (f)
        Kyle.L.Bishop@usdoj.gov
        *Pro Hac Vice Application Pending*

        *Counsel for United States of America*

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS
United States of America

### DEFENDANTS
Robert Travinski d/b/a Carpet Center
1850 Earl L. Core Rd., Morgantown WV 26505

**(b)** County of Residence of First Listed Plaintiff
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant: **Monongalia**
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
Tara N. Tighe; United States Attorney's Office; PO Box 591, Wheeling, WV 26003; (304) 234-0110 & Kyle L. Bishop; Department of Justice; PO Box 227 Ben Franklin Station, Washington DC 20044; (202) 616-1878

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- [X] 1 U.S. Government Plaintiff
- [ ] 2 U.S. Government Defendant
- [ ] 3 Federal Question (U.S. Government Not a Party)
- [ ] 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)*
*(For Diversity Cases Only)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** / **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane / ☐ 365 Personal Injury - Product Liability | ☐ 690 Other | ☐ 423 Withdrawal 28 USC 157 | ☐ 376 Qui Tam (31 USC 3729(a)) |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability / ☐ 367 Health Care/Pharmaceutical Personal Injury Product Liability | | **PROPERTY RIGHTS** | ☐ 400 State Reapportionment |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | | ☐ 820 Copyrights | ☐ 410 Antitrust |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability / ☐ 368 Asbestos Personal Injury Product Liability | | ☐ 830 Patent | ☐ 430 Banks and Banking |
| ☐ 151 Medicare Act | ☐ 340 Marine | | ☐ 840 Trademark | ☐ 450 Commerce |
| ☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans) | ☐ 345 Marine Product Liability / **PERSONAL PROPERTY** | **LABOR** | **SOCIAL SECURITY** | ☐ 460 Deportation / ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle / ☐ 370 Other Fraud | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) / ☐ 862 Black Lung (923) | ☐ 480 Consumer Credit |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability / ☐ 371 Truth in Lending | ☐ 720 Labor/Management Relations | ☐ 863 DIWC/DIWW (405(g)) | ☐ 490 Cable/Sat TV |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury / ☐ 380 Other Personal Property Damage | ☐ 740 Railway Labor Act | ☐ 864 SSID Title XVI | ☐ 850 Securities/Commodities/Exchange |
| ☐ 195 Contract Product Liability | ☐ 362 Personal Injury - Medical Malpractice / ☐ 385 Property Damage Product Liability | ☐ 751 Family and Medical Leave Act | ☐ 865 RSI (405(g)) | ☐ 890 Other Statutory Actions |
| ☐ 196 Franchise | | ☐ 790 Other Labor Litigation | | ☐ 891 Agricultural Acts / ☐ 893 Environmental Matters / ☐ 895 Freedom of Information Act |
| **REAL PROPERTY** | **CIVIL RIGHTS** / **PRISONER PETITIONS** | ☐ 791 Employee Retirement Income Security Act | **FEDERAL TAX SUITS** | ☐ 896 Arbitration |
| ☐ 210 Land Condemnation | ☐ 440 Other Civil Rights / **Habeas Corpus:** | | [X] 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| ☐ 220 Foreclosure | ☐ 441 Voting / ☐ 463 Alien Detainee | | ☐ 871 IRS—Third Party 26 USC 7609 | |
| ☐ 230 Rent Lease & Ejectment | ☐ 442 Employment / ☐ 510 Motions to Vacate Sentence | | | ☐ 950 Constitutionality of State Statutes |
| ☐ 240 Torts to Land | ☐ 443 Housing/Accommodations / ☐ 530 General | | | |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment / ☐ 535 Death Penalty | **IMMIGRATION** | | |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other / **Other:** | ☐ 462 Naturalization Application | | |
| | ☐ 448 Education / ☐ 540 Mandamus & Other | ☐ 465 Other Immigration Actions | | |
| | ☐ 550 Civil Rights | | | |
| | ☐ 555 Prison Condition | | | |
| | ☐ 560 Civil Detainee - Conditions of Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

- [X] 1 Original Proceeding
- [ ] 2 Removed from State Court
- [ ] 3 Remanded from Appellate Court
- [ ] 4 Reinstated or Reopened
- [ ] 5 Transferred from Another District *(specify)*
- [ ] 6 Multidistrict Litigation - Transfer
- [ ] 8 Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
26 USC 6502; 26 USC 7402(a)

Brief description of cause:
Suit to collect tax assessments and obtain injunction against taxpayer requiring tax compliance

## VII. REQUESTED IN COMPLAINT:
- [ ] CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.
- **DEMAND $** 58,979.46
- CHECK YES only if demanded in complaint:
- **JURY DEMAND:** ☐ Yes [X] No

## VIII. RELATED CASE(S) IF ANY
*(See instructions)*
JUDGE
DOCKET NUMBER

DATE: 03/22/2018
SIGNATURE OF ATTORNEY OF RECORD: /s/ Tara N. Tighe

**FOR OFFICE USE ONLY**

RECEIPT #     AMOUNT     APPLYING IFP     JUDGE     MAG. JUDGE

# INSTRUCTIONS FOR ATTORNEYS COMPLETING CIVIL COVER SHEET FORM JS 44

Authority For Civil Cover Sheet

The JS 44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleading or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently, a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. The attorney filing a case should complete the form as follows:

**I.(a)  Plaintiffs-Defendants.** Enter names (last, first, middle initial) of plaintiff and defendant. If the plaintiff or defendant is a government agency, use only the full name or standard abbreviations. If the plaintiff or defendant is an official within a government agency, identify first the agency and then the official, giving both name and title.
  **(b)  County of Residence.** For each civil case filed, except U.S. plaintiff cases, enter the name of the county where the first listed plaintiff resides at the time of filing. In U.S. plaintiff cases, enter the name of the county in which the first listed defendant resides at the time of filing. (NOTE: In land condemnation cases, the county of residence of the "defendant" is the location of the tract of land involved.)
  **(c)  Attorneys.** Enter the firm name, address, telephone number, and attorney of record. If there are several attorneys, list them on an attachment, noting in this section "(see attachment)".

**II.  Jurisdiction.** The basis of jurisdiction is set forth under Rule 8(a), F.R.Cv.P., which requires that jurisdictions be shown in pleadings. Place an "X" in one of the boxes. If there is more than one basis of jurisdiction, precedence is given in the order shown below.
United States plaintiff. (1) Jurisdiction based on 28 U.S.C. 1345 and 1348. Suits by agencies and officers of the United States are included here.
United States defendant. (2) When the plaintiff is suing the United States, its officers or agencies, place an "X" in this box.
Federal question. (3) This refers to suits under 28 U.S.C. 1331, where jurisdiction arises under the Constitution of the United States, an amendment to the Constitution, an act of Congress or a treaty of the United States. In cases where the U.S. is a party, the U.S. plaintiff or defendant code takes precedence, and box 1 or 2 should be marked.
Diversity of citizenship. (4) This refers to suits under 28 U.S.C. 1332, where parties are citizens of different states. When Box 4 is checked, the citizenship of the different parties must be checked. (See Section III below; **NOTE: federal question actions take precedence over diversity cases.**)

**III.  Residence (citizenship) of Principal Parties.** This section of the JS 44 is to be completed if diversity of citizenship was indicated above. Mark this section for each principal party.

**IV.  Nature of Suit.** Place an "X" in the appropriate box. If the nature of suit cannot be determined, be sure the cause of action, in Section VI below, is sufficient to enable the deputy clerk or the statistical clerk(s) in the Administrative Office to determine the nature of suit. If the cause fits more than one nature of suit, select the most definitive.

**V.  Origin.** Place an "X" in one of the seven boxes.
Original Proceedings. (1) Cases which originate in the United States district courts.
Removed from State Court. (2) Proceedings initiated in state courts may be removed to the district courts under Title 28 U.S.C., Section 1441. When the petition for removal is granted, check this box.
Remanded from Appellate Court. (3) Check this box for cases remanded to the district court for further action. Use the date of remand as the filing date.
Reinstated or Reopened. (4) Check this box for cases reinstated or reopened in the district court. Use the reopening date as the filing date.
Transferred from Another District. (5) For cases transferred under Title 28 U.S.C. Section 1404(a). Do not use this for within district transfers or multidistrict litigation transfers.
Multidistrict Litigation – Transfer. (6) Check this box when a multidistrict case is transferred into the district under authority of Title 28 U.S.C. Section 1407.
Multidistrict Litigation – Direct File. (8) Check this box when a multidistrict case is filed in the same district as the Master MDL docket.
**PLEASE NOTE THAT THERE IS NOT AN ORIGIN CODE 7.** Origin Code 7 was used for historical records and is no longer relevant due to changes in statue.

**VI.  Cause of Action.** Report the civil statute directly related to the cause of action and give a brief description of the cause. **Do not cite jurisdictional statutes unless diversity.** Example: U.S. Civil Statute: 47 USC 553  Brief Description: Unauthorized reception of cable service

**VII.  Requested in Complaint.** Class Action. Place an "X" in this box if you are filing a class action under Rule 23, F.R.Cv.P.
Demand. In this space enter the actual dollar amount being demanded or indicate other demand, such as a preliminary injunction.
Jury Demand. Check the appropriate box to indicate whether or not a jury is being demanded.

**VIII.  Related Cases.** This section of the JS 44 is used to reference related pending cases, if any. If there are related pending cases, insert the docket numbers and the corresponding judge names for such cases.

**Date and Attorney Signature.** Date and sign the civil cover sheet.